<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLUEGILL ASSET MANAGEMENT LLC, *Plaintiff*, v. AMERICAN REPROGRAPHICS COMPANY, LLC AND JOHN DOES 1-10, *Defendants*. | Civil No.: 20-cv-10505 (KSH) (CLW) <u>**OPINION**</u> |

**Katharine S. Hayden, U.S.D.J.**

**I.      Introduction**

This matter comes before the Court on the motion of defendant American Reprographics Company LLC ("ARC") to dismiss the complaint filed by plaintiff Bluegill Asset Management LLC ("Bluegill"), which asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment based on ARC's alleged failure to timely vacate its tenancy at the end of its lease. ARC asserts that the claims must be dismissed because the statute of limitations has expired.

**II.      Background**

The complaint alleges as follows. Bluegill owns a commercial property at 883 Clinton Avenue, in Irvington, New Jersey. (D.E. 1, Ex. A, Compl. ¶¶ 7, 10.) ARC leased the property from 4Share, LLC in July 2008 for a five-year term pursuant to a written lease that included an option to renew for one additional five-year term. (*Id.* ¶¶ 8-9.) On May 30, 2013, ARC signed a written amendment extending the lease to August 31, 2013. (*Id.* ¶ 11.) Bluegill purchased the property from 4Share at some point after the lease was signed, and became ARC's landlord when, on June 14, 2013, 4Share assigned the lease to Bluegill. (*Id.* ¶¶ 10, 12.) Bluegill alleges

1

that ARC remained in possession of the property beyond the end of the lease term (*id.* ¶ 14), though it does not plead how long ARC did so or when it vacated. It also alleges that ARC "breached the contract by failing to make payments under the contract when they became due, with the breach continuing up to and after" June 20, 2014. (*Id.* ¶ 13.) It is unclear from the complaint whether this alleged nonpayment refers only to the holdover period, or to prior periods as well.

On June 19, 2020, Bluegill filed suit against ARC in Essex County Superior Court. The three-count complaint asserts claims for breach of contract (count 1), breach of the implied covenant of good faith and fair dealing (count 2), and unjust enrichment (count 3). ARC removed the action to this Court, asserting diversity jurisdiction. (D.E. 1.) It has now moved under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint on the ground that the statute of limitations has expired.[1]

### III. Standard of Review

Fed. R. Civ. P. 8(a)(2) requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the

---

[1] Initially, ARC also sought dismissal under Fed. R. Civ. P. 12(b)(1) for lack of standing because Bluegill's corporate charter had been revoked. In its opposition, Bluegill represented that its charter had since been reinstated. ARC's reply therefore abandoned its standing argument, asserting only that the reinstatement was "futile" because the statute of limitations nonetheless requires dismissal. Accordingly, the only issue remaining is whether the complaint should be dismissed under R. 12(b)(6) on timeliness grounds.

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570). At this stage, the court may consider the allegations in the complaint, exhibits attached to it, matters of public record, and documents integral to or explicitly relied upon in the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

The complaint "need not anticipate or overcome affirmative defenses," and it "does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." *Id.* at 248. In other words, litigants "'need not try to plead around defenses.'" *Id.* (quoting *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 277 (3d Cir. 2004)). As such, a defendant generally must plead affirmative defenses such as a statute of limitations defense in its answer, rather than in a motion to dismiss; however, the Third Circuit permits a limitations defense to be raised by motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* (citation and internal quotation marks omitted). Stated differently, the timeliness bar must be apparent from the face of the complaint; otherwise, dismissal at the Rule 12(b)(6) stage on statute of limitations grounds is not appropriate. *Id.*

**IV.  Discussion**

ARC seeks dismissal of all three claims on the ground that they are time-barred. As the parties recognize, a six-year statute of limitations applies to each claim. N.J.S.A. § 2A:14-1; *Kopin v. Orange Products, Inc.*, 297 N.J. Super. 353, 373-74 (App. Div. 1997). ARC argues that Bluegill's claims could have accrued no later than November 2013, when, it asserts, it vacated the property. ARC bases that argument on an invoice attached to its notice of removal and to its

motion to dismiss.  (*See* D.E. 4-1, Def.'s Moving Br. 5-6; D.E. 4-2, Torkelson Decl., Ex. D; *see also* D.E. 1, Ex. D.)  Specifically, ARC cites the invoice's rent charges for September through November 2013, and a charge for a final cleanup on November 21, 2013.  (Def.'s Moving Br. 2-3.)  Thus, ARC contends, the statute of limitations began running in November 2013 and expired in November 2019, making Bluegill's complaint, which was filed in June 2020, untimely.

In opposing dismissal, Bluegill cites its complaint allegations that ARC failed to make payments when due, and that the breach "continued up to and after 6-20-14 and defendants held over at the property by remaining in possession thereof following the expiration of the lease."  (D.E. 10, Pl.'s Opp. Br. 3 (citing Compl. ¶¶ 13-14).)  Bluegill also argues that the statute of limitations should be equitably tolled, purportedly because ARC "actively engaged in conduct calculated to mislead [Bluegill] into believing that [it] did not need to file suit" (*id.* at 3-4), but it does not identify the alleged "conduct" it means.

Although Bluegill's complaint is thin on factual allegations, it is not required to plead around affirmative defenses.  As such, the Court is constrained to deny ARC's motion, which attacks the complaint only on limitations grounds.  As noted earlier, it is well established that to warrant dismissal at the pleadings stage the limitations defense must be apparent from the face of the pleadings and the documents permissibly considered in the context of a motion to dismiss.  *See Schmidt*, 770 F.3d at 249. Here, the critical document on which ARC relies to show that that Bluegill's claims are untimely is the invoice from Bluegill, which was neither referenced in nor attached to the complaint.

ARC argues that the invoice may be considered nonetheless because it was attached to the notice of removal, and is "integral to establishing the jurisdictional grounds for [Bluegill's] [c]omplaint."  (Def.'s Moving Br. 4.)  Simply because a document is used by a removing

4

defendant to meet the amount in controversy requirement for federal diversity jurisdiction does not mean the plaintiff relied on it in framing its claims. The question is whether the document was integral to or explicitly relied on in the complaint. The Court may look beyond the complaint in that instance only because "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here the plaintiff has actual notice . . . *and has relied upon these documents in framing the complaint.*" *Schmidt*, 770 F.3d at 249 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added) (internal quotation marks omitted) (alterations in original)). "'[W]hat is critical is whether the claims in the complaint are "based on" an extrinsic document and not merely whether the extrinsic document was explicitly cited.'" *Id.* (quoting *Burlington*, 114 F.3d at 1426).

     Although Bluegill may have had notice of the invoice (which it presumably generated and issued to ARC), it also must have based its claims on the document and used it to frame the complaint for the Court permissibly to consider its contents and, more to the point, the dates in it to measure the timeliness of Bluegill's claims. Unlike the lease and the amendment, which form the basis of Bluegill's contention that a contractual relationship existed between the parties, the invoice itself is not the basis for any claim; instead, it adds detail absent from the complaint itself, such as the amount Bluegill claims to be owed and for what period of time. That Bluegill does not in its opposition dispute the authenticity of the document, a point ARC emphasizes in its reply, still does not establish the requisites for the Court properly to consider it without requiring the conversion of the motion to one for summary judgment. Without the invoice, the untimeliness of Bluegill's claims is not apparent from the record permissibly before the Court,

5

and the motion must be denied.  ARC may, of course, raise the issue of timeliness at the summary judgment stage.

## V.  Conclusion

The motion to dismiss is denied. An appropriate order will issue.

/s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J.

Date: January 19, 2021

6